Eugene L. Scancarelli, J.
This is an action for replevin.
The defendant moves for an order dismissing the complaint herein on the grounds first, that the Commissioner of the County of Westchester Department of Social Services is a necessary party and second, that the plaintiff is obligated to continue to provide utility service to the defendant by reason of sections 12 and 15 of the Transportation Corporations Law of the State of New York, that is by reason of guarantees of payments having been given by the Commissioner of the County of Westchester Department of Social Services.
Upon reading and filing the underlying complaint and answer, the notice of motion and affidavits, the affirmation in opposition and after having reviewed the correspondence submitted by counsel on July 29, 1976 (on the defendant’s part) and August 2, 1976 (on the plaintiff’s part) and after having taken testimony at a hearing held on July 14, 1976 and having heard the arguments of counsel, the court finds as follows:
The two issues presented are interdependent and a review will establish that the answer to the first issue will obviate the question of "necessary or indispensable parties.”
The facts of the matter are simple and essentially uncontradicted. The defendant is a recipient of public assistance and has been receiving such assistance for more than one year. *767 That Consolidated Edison Company of New York, Inc. (Con Ed) began serving the defendant in February of 1975 and that she has used the utility services of Con Ed to the extent of some $571.68. Indeed, the defendant is still utilizing these services. The representative of the Department of Social Services has guaranteed to Con Ed future utility bills and agreed to pay up to four months’ arrears for services rendered. The question presented thus, can fairly be stated as follows:
If there are utility bills that antedate the four-month period, can Con Edison in the light of-the guarantees of the Department of Social Services, proceed with their replevin action, that is, discontinue services or are they prevented from doing so by statute or law?
Con Edison claims that its constitutional rights, both State and Federal would be denied by any application of a statute which requires it to maintain services without having first been paid in full for the utility services it has rendered.
The situation can be best analyzed by taking two examples. The first example is that of an individual who comes suddenly upon hard times. He or she is unable to carry the full burden of his or her family expenses, falls behind on his bills, turns to the Department of Social Services for assistance and it in turn goes to the utility company which now has eight months in arrearages and reports to the utility company that the Department of Social Services will pay in futuro and will guarantee four months’ arrearages. All reasonable people would agree that this is an equitable and just arrangement for certainly, the utility company has lost nothing. It has lost none of its contractual rights or its property rights guaranteed by the constitution. In fact, it has recouped a four-month loss and of course can sue for the four months that it didn’t recoup. The example given posed no problem.
The second example is that of a chronic welfare recipient, a product of our welfare system and instead of utilizing his or her welfare funds for the purposes for which they were granted, the payments of rent and utilities, utilizes the money to pay rent and squanders the balance. This person now is eight months behind in his or her utility bill and turns to the Department of Social Services and gets the same four months guaranteed to arrearage and the same guarantee in futuro. Is this case any different? Have the utility company’s rights been violated? The answer of course, no. Though the second example may be hard to accept in the light of the use the public *768 expects of funds that are granted for public assistance, the utility company is still in the same position legally. The recipient has not violated the rule of the utility company but the standards and rules of the Department of Social Services and that is where the remedy lies. The remedy certainly does not lie in requiring the State, in this case the Department of Social Services to make the utility company whole. The utility has its remedies at law and they are as acceptable in the second example as they were in the first.
The court does not deal with the issues raised as to what amount is actually owed or for what period; nor does it question the reasons given for allowing this bill to run for such the period of time. Where the Department of Social Services has unconditionally guaranteed utility bills for this defendant in futuro and has unconditionally agreed to pay four months arrearages, those questions do not have to be resolved.
The appropriate sections of the Transportation Corporations Law, sections 12 and 15 are controlling. Under circumstances such as exist in this case where the Department of Social Services has unconditionally guaranteed utility service for the prescribed period of arrears and for the future the utility company must either restore or continue service and in this case may not take further steps to terminate utility service to the defendant. (Rivera v Con Ed, Sup Ct, Westchester County, Index No. 4310/76 [Sullivan, J.].)
The motion of the defendant is granted and the complaint is dismissed without prejudice to any other remedy that may be available to the plaintiff for the collection of any sums that may be due to it.